Merrimack,
No. 4829.

WILLARD UPHAUS *v.* LOUIS C. WYMAN, *Attorney General.*

Argued June 8, 1960.

Decided June 27, 1960.

*Orr & Reno, Hugh H. Bownes,* and also *Royal W. France* and *Leonard B. Boutin* (both of New York) and *Louis Lusky* and

*Marvin H. Morse* (both of Kentucky) (*Mr. Reno* orally), for the motion.

*Louis C. Wyman,* Attorney General (by brief and orally), opposed.

PER CURIAM. The plaintiff's motion alleges that he now proposes to seek review by the United States Supreme Court of the decision of this court handed down on March 31, 1960. *Wyman* v. *Uphaus,* 102 N. H. 461. It indicates that one basis for the review to be sought arises out of the expiration on June 30, 1957 of the legislation which directed the Attorney General "to determine whether subversive persons . . . are presently located within this state" (Laws 1953, c. 307; Laws 1955, cc. 197, 340), and the alleged imposition of limitations upon the previous authority of the Attorney General by the enactment on June 14, 1957 of RSA 588:8a. Laws 1957, c. 178. We are urged to suspend the order of committal entered on December 14, 1959, so that review may be had before committal shall end.

The statutory changes thus relied upon occurred before this case was remanded to this court following vacation of its earlier judgment by the United States Supreme Court on October 14, 1957. *Uphaus* v. *Wyman,* 355 U. S. 16. In November 1957, the plaintiff, in this court, opposed reinstatement of the judgment (*Wyman* v. *Uphaus,* 101 N. H. 139), and in November 1958, before the United States Supreme Court, argued his appeal from the reinstated judgment which was affirmed on June 8, 1959. *Uphaus* v. *Wyman,* 360 U. S. 72.

Our opinion of March 31, 1960, did not turn upon any holding that RSA 588:8a provided an extension of the legislative investigation first authorized in 1953. The plaintiff stands committed for refusal, while Laws 1955, c. 197, was still in effect, to comply with an order entered prior to enactment of RSA 588:8a.

Between January 5, 1956 and December 14, 1959, the plaintiff was at large upon bail. See *Wyman* v. *Uphaus,* 100 N. H. 436, 438. Yet the issues relied upon to support the review now to be sought although available to the plaintiff after June 1957, were not presented in the pending proceedings at any time, until first advanced before the Superior Court on December 14, 1959, the day on which the order of committal was entered. Other issues presented by the motion have been briefed and argued many times by competent counsel who have ably protected the plaintiff's rights.

This case has been repeatedly before the courts of this state and the United States Supreme Court, since 1954. See *Wyman* v. *Uphaus,* 100 N. H. 1; *Wyman* v. *Uphaus,* 100 N. H. 436; *Uphaus* v. *Wyman.* 355 U. S. 16; *Uphaus* v. *Wyman,* 356 U. S. 926, 965; *Wyman* v. *Uphaus,* 101 N. H. 139; *Uphaus* v. *Wyman,* 360 U. S. 72; *Wyman* v. *Uphaus,* 102 N. H. 324; *Wyman* v. *Uphaus,* 102 N. H. 461.

An examination of the pending motion in the light of the entire history of the case convinces us that there is no occasion to grant the relief sought.

*Motion denied.*

All concurred.